**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**AQUA FISHERIES LIMITED**

**V.** **CA:06-306ML**

**GREAT NORTHERN PRODUCTS, INC.**

## ANSWER

1. Defendant is without sufficient information to either admit or deny the allegations set forth in this paragraph and leaves plaintiff to its proof thereof.

2. Admit.

3. Admit.

4. Denied.

5. Admit.

### Facts

6. Admit that between March 3, 2005 and August 4, 2005, plaintiff delivered crab product to defendant on a pro forma basis for sale by defendant. Defendant denies that the crab product delivered to defendant on a pro forma basis was a sale to plaintiff of such crab product.

7. Admit that crab product was delivered to defendant. Defendant denies the remaining allegations set forth within this paragraph.

8. Denied.

9. Admit that payment has not been made to plaintiff. Denied that payment is due to plaintiff.

10. Denied.

11. Denied that payment is due to plaintiff as a result of plaintiff's failure to ship merchantable crab product and plaintiff's misrepresentations regarding the merchantability of the crab product shipped from the 2004 and 2005 seasons.

12. Denied.

**Count I**
**Breach of contract**

13. Defendant re-asserts its responses to the allegations set forth in paragraphs one through twelve as if fully set forth herein.

14. This paragraph sets forth a position of law to which no response is required. To the extent a response is required, defendant asserts that there was a pro forma relationship between the parties and denies any liability to plaintiff.

15. Denied.

16. Denied.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed and that defendant be awarded reasonable costs and attorney's fees incurred in the defense of this action.

**Count II**
**Quantum meruit – unjust enrichment**

17. Defendant re-asserts its responses to the allegations set forth in paragraphs one through sixteen as if fully set forth herein.

18. Denied.

19. Denied.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed and that defendant be awarded reasonable costs and attorney's fees incurred in the defense of this action.

**Count III**
**Book account**

20. Defendant re-asserts its responses to the allegations set forth in paragraphs one through nineteen as if fully set forth herein.

21. Denied.

22. Denied.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed and that defendant be awarded reasonable costs and attorney's fees incurred in the defense of this action.

## AFFIRMATIVE DEFENSES

1. Defendant pleads the defense of estoppel.
2. Defendant pleads the defense of unclean hands.
3. Defendant pleads the defense of failure to state a claim upon which relief may be granted.
4. Defendant pleads the defense of accord and satisfaction.
5. Defendant asserts the defense of statute of frauds.
6. Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its answer to assert in its defense.

## COUNTERCLAIM

### Breach of contract

1. Counterclaim Plaintiff, Great Northern Products, Ltd. (hereinafter referred to as "Great Northern") is a citizen duly incorporated under the laws of the State of Rhode Island.

2. Upon information and belief, Counterclaim Defendant, Aqua Fisheries Limited (hereinafter referred to as "Aqua") is a corporation duly incorporated under the laws of the Province of Newfoundland and Labrador, Canada, with its registered office in Aquaforte, Province of Newfoundland and Labrador, Canada,

3. Between March 3, 2005 and August 4, 2005, Aqua delivered to Great Northern shipments of crab product to be sold by Great Northern on a pro forma basis on behalf of Aqua.

4. It was agreed by the parties that Great Northern would not make payment to Aqua until the crab product was sold by Great Northern.

5. It was agreed by the parties that Great Northern would advance funds against pro forma purchase orders.

6. It was agreed by the parties that payment to Aqua would be based on the price obtained in the market minus costs, insurance and commissions.

7. It was agreed by the parties that Aqua would ship merchantable crab product to Great Northern.

8. Aqua misrepresented to Great Northern the merchantability of certain crab product shipped to Great Northern.

9. Aqua did not consistently ship merchantable crab product to Great Northern.

10. As a result of the failure of Aqua to ship merchantable crab product, Great Northern has sustained damages.

11. As a result of Aqua's misrepresentations regarding the merchantability of certain crab product shipped, Great Northern has sustained damages.

WHEREFORE, Great Northern demands judgment against Aqua in amount sufficient to compensate for its losses, including but not limited to incidental and consequential damages, plus interest thereon and costs, payment of reasonable attorney's fees for the prosecution of this action pursuant to Rhode Island General Law §9-1-45 and any other relief the court deems just and appropriate.

Defendant,
By its attorneys,

/S/ Carl S. Levin (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 facsimile
clevin@agglaw.com

**CERTIFICATION**

I hereby certify that on this 16th day of August 2006, I sent a copy of the within Answer to David A. Wollin, Esq. via electronic filing.

/S/ Carl S. Levin (#3336)
Armstrong, Gibbons & Gnys, LLP
155 South Main Street, Suite 301
Providence, Rhode Island 02903
(401) 751-1500 Ext. 26
(401) 751-4124 facsimile
clevin@agglaw.com